IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RHONDA STATON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY & COUNTY OF BUTTE-SILVER BOW and DOES 1-10,<br><br>　　　　　　Defendants. | **CV-20-60-BU-BMM**<br><br>**ORDER** |

## INTRODUCTION

Plaintiff Rhonda Staton ("Staton") has filed a motion to vacate trial and reopen discovery in this matter. (Doc. 138.) Defendant City and County of Butte-Silver Bow ("BSB") opposes the motion. (Doc. 140.)

## BACKGROUND

Staton worked for the Butte-Silver Bow Law Enforcement Department ("LED") from December 10, 2001, until August 24, 2020. (Doc. 116, ¶ 1.) Staton has brought the following claims against BSB relating to her employment and termination therefrom: (1) discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Montana Human Rights Act ("MHRA"); (2) hostile work environment and harassment in violation of Title VII and the MHRA; (3) retaliation in violation of Title VII and the MHRA; (4) disability discrimination

1

in violation of the Americans with Disabilities Act ("ADA") and the MHRA; (5) violation of the Family and Medical Leave Act ("FMLA"); (6) infliction of emotional distress ("IED"); and (7) punitive damages. (Doc. 7 at 17–28.) The Court granted summary judgment to BSB on Staton's FMLA claim, IED claim, and punitive damages claim. (Doc. 63 at 7; Doc. 160 at 37.)

The Court entered a scheduling order in this case on October 11, 2022. (Doc. 65.) Pursuant to that order, the parties were to disclose liability experts on or before November 25, 2022. (*Id.* at 2.) The scheduling order also required Staton to disclose any damages experts by November 25, 2022, BSB to disclose any damages experts by January 6, 2023, and all parties to disclose rebuttal experts by February 10, 2023. (*Id.*) Discovery closed on March 3, 2023. (*Id.*) The Court vacated the August 8, 2023 trial date set in the scheduling order on July 24, 2023. (Doc. 153.) The Court issued a new scheduling order resetting trial for February 12, 2024. (Doc. 155.)

## LEGAL STANDARD

The Court maintains "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). Rule 16(b) of the Federal Rules of Civil Procedure requires a court to issue a scheduling order setting deadlines for joining other parties, amending the pleadings, completing discovery,

and filing motions. Fed. R. Civ. P. 16(b)(1), (3). A scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4).

## DISCUSSION

Staton has sought to vacate the trial date set by the Court's October 11, 2023 scheduling order and to reset the discovery deadline set in that order. (Doc. 138 at 1.) The Court already has vacated the trial date set by the Court's prior scheduling order. A scheduling order issued on July 25, 2023, reset trial for February 12, 2024. Accordingly, that portion of Staton's motion proves moot. The Court will only address the remaining issue of whether discovery should be reopened.

Staton contends that good cause exists to reopen discovery. (Doc. 138 at 1.) Staton argues that BSB produced documents responsive to prior discovery requests after the close of discovery and that the late disclosures have prejudiced Plaintiff. (*Id.* at 7.) Staton asks the Court to reopen discovery so Staton can "appropriately address these late produced documents by comparing them to other documents produced, assessing their relevance, and addressing questions raised by these documents." BSB counters that none of the documents produced in the late production relate to Staton's gender discrimination, hostile work environment, retaliation, or ADA claims.

Staton identifies a Microsoft Word document that relates to Staton being placed on administrative leave. (Doc. 138 at 2.) The document stops mid-sentence.

(*Id.*) Staton cites this document as an example of late discovery that has prejudiced her. (*Id.*) BSB has offered to allow Staton to depose the author of the note, Captain Ray Vaughn, to ask him about the incomplete sentence. (Doc. 140 at 3.) In light of this offer, the Court sees no prejudice from this document's late production.

Staton also identifies an email regarding a firearms qualification event as evidence that BSB produced late that prejudices Staton's case. (Doc. 138 at 3.) Staton provides no context for how this email relates to any of her claims or bears evidence of anything at issue in this case. Staton similarly presented a late-produced photo of her taser to support her motion to reopen discovery. (*Id.* at 5.) Staton has presented no argument as to how the late production of the photo of the taser prejudiced her. Other pleadings mention disputes about whether Staton lost her taser or someone took it from her office. Nothing in the record suggests that the condition or physical appearance of the taser are at issue in this case. The Court finds no prejudice from the delayed production of these documents that would require Staton to conduct additional discovery.

Staton presents a text message chain between Dr. George Watson, Undersheriff Skuletich, and Sheriff Lester. The message appears to be Dr. Watson updating Sheriff Lester and Undersheriff Skuletich about his meeting with Staton. Staton has argued that BSB worked with Dr. Watson to produce a fitness for duty evaluation that would justify terminating her. (Doc. 81-9 at 5; Doc. 94 at 2; Doc. 110

at 16, 21.) The late-disclosed text message chain provides evidence that Dr. Watson communicated with Sheriff Lester and Undersheriff Skuletich about Staton's evaluation. Dr. Watson already has admitted to that fact in his deposition. (Doc. 116-7 at 18.) The Court fails to see any prejudice in the late disclosure of the text message chain in light of Dr. Watson's admission.

The last item presented by Staton in support of her motion to reopen discovery proves more concerning. Staton identifies two other text message chains between Dr. Watson, Sheriff Lester, and Undersheriff Skuletich. (Doc. 138 at 6.) In the first chain, Dr. Watson writes "[t]here is a need to develop your plan." (*Id.*) The second chain appears to be a discussion about the fax machine in the LED office. The message appears to concern an effort to ensure that the fax machine to which Dr. Watson sends the correspondence would be in a location that would allow someone to retrieve the correspondence immediately to prevent others from seeing it. (*Id.*) These text messages again potentially could support Staton's theory of BSB's collusion with Dr. Watson. The late disclosure of these messages precluded Staton from exploring and asking questions about them in her depositions of Dr. Watson and Sheriff Lester. Reopening discovery entirely to remedy this potential prejudice proves excessive and unnecessary. Any prejudice can be remedied by reopening the depositions of Sheriff Lester and Dr. Watson for the limited purpose of asking about these text messages.

Finally, Staton argues without any support that additional documents exist that have not been produced. Staton does not identify the content of these allegedly unproduced documents or how they relate to Staton's case beyond a conclusory statement that "documents yet to be produced by Defendant may be extremely material and relevant." (Doc. 144 at 3.) This conclusion proves insufficient to establish good cause to reopen discovery.

## CONCLUSION

Staton has failed to show that good cause exists to reopen all discovery in this matter. Staton identifies several documents produced late by BSB, but Staton fails to demonstrate how these documents relate to her case or how their late disclosure prejudices her. The only prejudice the Court can envision arising from the late-produced documents can be remedied by reopening the depositions of Dr. Watson and Sheriff Lester for the limited purposes set forth herein. BSB will be responsible for the costs and fees associated with these reopened depositions given BSB's failure to timely produce the documents.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Staton's Motion to Postpone Trial and Reopen Discovery (Doc. 138) is **MOOT** to the extent it seeks an extension of a trial date that has already been vacated.

2. Staton's Motion to Postpone Trial and Reopen Discovery (Doc. 138) is **DENIED** to the extent it seeks to fully reopen discovery in this matter.

3. Staton may reopen the depositions of Dr. George Watson and Sheriff Ed Lester for the limited purpose of asking about the late produced text messages between Dr. Watson, Sheriff Lester, and Undersheriff Skuletich. BSB bears responsibility for the costs and fees, including reasonable attorney's fees, associated with these limited depositions.

4. The parties are ordered to confer by November 17, 2023, to schedule any limited deposition of Dr. Watson or Sheriff Lester.

Dated this 9th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court