Michael L. Rabb (#13734)
THE RABB LAW FIRM, PLLC
3950 Valley Commons Drive Suite 1
Bozeman, Montana 59718
Telephone: (406) 404-1747
Facsimile: (406) 551-6847
Email: service@therabblawfirm.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RHONDA STATON, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF BUTTE-SILVER BOW; <br><br> Defendant. | **CASE NO. CV-20-60-BU-BMM** <br><br> **Honorable Brian Morris** <br><br> **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS** |

Plaintiff Rhonda Staton, by and through undersigned counsel, and pursuant to Local Rule 54.2, Federal Rule of Procedure 54(d), 42 U.S.C.A. §2000e-5(k), 42 U.S.C.A. §1988(b), and Montana Code Annotated ("MCA") §49-2-505(8), hereby submits this memorandum of points and authorities in support of her Motion for Attorney's Fees and Nontaxable Costs.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Removing barriers to an employee's ability to vindicate their civil rights is vital. It is vital not only because there needs to be redress for their injuries, but also to prevent an employer from trusting that it can violate civil rights with impunity. Protecting an employee's ability to vindicate their civil rights is particularly important when a government employer—the very entity that is supposed to protect civil rights—has violated them.

Vindicating the employee's civil rights through the legal system and lawsuits takes massive amounts of time and money. The typical employee, like Rhonda Staton, can't afford to vindicate their civil rights in the justice system. So, the lawyers who seek to vindicate the civil rights of their client's often take great risks to do so: By, for example, foregoing payment until success, if any, is achieved. These lawyers may have to take loans from family members to cover payroll or forego paychecks themselves to bring such actions through trial. This risk is particularly high when taking on a government employer that is subject to caps on recovery and relentlessly denies its violations with multiple attorneys. The time and expense of seeking redress for violation of the employee's civil rights typically would not be fully compensated, and their ability to vindicate their rights would be chilled, unless

the recovery of attorney's fees and costs are awarded as the civil rights statutes contemplate.

Rhonda Staton filed this action in November 2020. Shortly prior to trial, on July 27, 2023, Defendant Butte-Silver Bow ("BSB") served an Offer of Judgment on Plaintiff Staton pursuant to Federal Rule of Civil Procedure 68(a). That Offer of Judgment permitted judgment to be entered against it on "all counts and claims" in the amount of $150,000.00, if accepted. (**Exhibit 1**). Plaintiff, Rhonda Staton, did not accept that Offer of Judgment. Instead, she took her claims to trial and prevailed on her state and federal retaliation claims. (Document 243, Judgment). The jury awarded her $349,000.00: more than twice the amount offered in BSB's $150,000.00 Offer of Judgment. (Document 241, Jury Verdict). She now seeks her attorney's fees and certain costs as the prevailing party under federal law and the Montana Human Rights Act ("MHRA").

## STANDARD OF REVIEW

The Ninth Circuit reviews a District Court's award of attorney's fees for abuse of discretion, and reviews the legal analysis involved in the award *de novo*. *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 517 (9th Cir. 2000), citing, *Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1052 (9th Cir.1991).

# ARGUMENT

**I.   Since Rhonda Staton Prevailed on her Retaliation Claims under Title VII and The Montana Human Rights Act, She is Entitled To Seek Attorney Fees and Expert Costs Under 42 U.S.C.A. §1988(b), 42 U.S.C.A. §2000e-5(k) and §49-2-505(8), MCA.**

Both Federal statute and Montana statute permit Plaintiff Staton to recover attorney fees. Specifically, 42 U.S.C.A. § 2000e-5(k) provides that "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . ." 42 U.S.C.A. § 2000e-5(k). Additionally, 42 U.S.C.A §1988 states that "in any action or proceeding to enforce a provision of . . . title VI of the Civil Rights Act of 1964 [42 U.S.C.A. 2000d, et. seq.] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . ." Similarly, "Under the MHRA, a court 'in its discretion may allow the prevailing party reasonable attorney fees and costs.'" *NorVal Elec. Coop. Inc. v. Lawson*, 2022 MT 245, ¶ 51, 411 Mont. 77, 99, 523 P.3d 5, 21, reh'g denied (Jan. 24, 2023), quoting §49-2-505(8), MCA.

Here, Plaintiff Staton alleged that BSB retaliated against her, in violation of 42 U.S.C.A. §2000 *et seq*. and the MHRA, for filing an HR discrimination complaint. (Document 217, p.7-8). The jury returned a verdict in her favor on those retaliation claims, and a judgment was rendered in her favor for more than twice the

amount that BSB offered to resolve **all** claims. (Documents 241, 243, and **Exhibit 1** hereto).

### a. Plaintiff Staton is Considered the Prevailing Party Under Both Federal and State Law Because She Succeeded on a Significant Issue in the Litigation

For purposes of recovering attorney fees "A litigant need not prevail on every issue, or even on the 'central issue' in the case, to be considered the prevailing party." *Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th Cir. 1997) (internal citations omitted). "The prevailing party is entitled to reasonable attorneys' fees if she succeeds on 'any significant issue in litigation which achieves some of the benefit' of her suit." *Passantino* 212 F.3d 493, 517–18 (9th Cir. 2000) (permitting Plaintiff, who prevailed on retaliation claims but not discrimination claims, to recover full amount of attorney fees awarded by district court), quoting, *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "Under §1988, a ***prevailing plaintiff should ordinarily recover an attorney's fee*** "unless special circumstances would render such an award unjust." *Hensley* 461 U.S. at 434 (emphasis added).

Both the Ninth Circuit and the United States District Court of Montana have considered employee-plaintiffs, who prevailed on their retaliation claims, but not on their discrimination claims, the prevailing party for purposes of awarding attorney

fees. In fact, the United States District Court of Montana, recently awarded attorney fees and costs to an employee-plaintiff in such a scenario. see, *Rhoten v. Rocking J. Ranch, LLC*, No. CV 21-46-M-DLC, 2022 WL 17128639, at *3–4 (D. Mont. Nov. 22, 2022).

In *Rhoten*, Brenda Rhoten brought claims against Rocking J. Ranch under Title VII and the MHRA as well as for wrongful termination under the Montana Wrongful Discharge from Employment Act ("WDEA"). *Id.* In total, she brought thirteen claims in her First Amended Complaint.[1] The jury found in favor or Rhoten on her retaliation claims under Title VII and the MHRA, and her wrongful termination under WDEA. The jury, however, did not find in her favor on her disparate treatment claims under Title VII or her reasonable accommodation claims. *Id.* The District Court considered Rhoten the prevailing party for purposes of awarding attorney fees, and it awarded her attorney fees. *Id.*

The Ninth Circuit has also repeatedly upheld District Court awards of attorney fees to employee-plaintiffs who prevailed on retaliation claims under Title VII, but

---

[1] 1. Wrongful Discharge (Mont. Code Ann. ("M.C.A.") § 39-2-904(1)(c)); 2. Wrongful Discharge (M.C.A. § 39-2-904(1)(b)); 3. Wrongful Discharge (M.C.A. § 39-2-904(1)(a)); 4. Disability Discrimination (M.C.A. § 49-2-303(1)(a)); 5. Disability Discrimination (M.C.A. § 49-1-102(1)(a)); 6. Disability Discrimination – Failure to Provide Reasonable Accommodation (M.C.A. § 49-2-303); 7. Employment Discrimination – Retaliation (M.C.A. § 49-2-301); 8. Employment Discrimination – Aiding, Coercing, or Attempting (M.C.A. § 49-2-302); 9. Negligence – Failure to Provide a Safe Workplace; 10. Negligence – Failure to Supervise; 11. Disability Discrimination – Failure to Provide Reasonable Accommodation under ADA (42 U.S.C. § 12112(b)(5)(A)); 12. Employment Discrimination – Retaliation for Making a Charge under 42 U.S.C. § 2000e (42 U.S.C. § 2000e-3); and 13. Employment Discrimination – Discrimination Based on Gender (42 U.S.C. § 2000e-2).

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS**

not on other claims. see, e.g. *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 517 (9th Cir. 2000); *Hashimoto v. Dalton*, 118 F.3d 671 (9th Cir. 1997). In *Passantino,* for example, a female employee sued her employer under Title VII alleging that the employer failed to promote her in retaliation for her complaints of sex discrimination. *Id.* Following a jury trial, the jury returned a verdict in the employee's favor. It found that, although the employer had not discriminated against the employee initially, the employer did retaliate against her for complaining about what she perceived as sex discrimination. *Id.* at 504. The District Court awarded the employee her full amount of attorney's fees. On appeal the Ninth Circuit held that the District court did not abuse its discretion in awarding her the full amount of attorney fees sought. *Id.* at 517-518. It noted that "Although Passatino did not prevail on her discrimination claims or her claim for injunctive relief, she prevailed on her retaliation claims, which were inextricably intertwined with her discrimination claims." *Id.*

Likewise, the Montana Supreme Court has stated that "The Montana Human Rights Act is closely modeled after Title VII, and reference to pertinent federal case law is both useful and appropriate." *Laudert v. Richland Cnty. Sheriff's Dep't,* 2000 MT 218, ¶ 49, 301 Mont. 114, 127, 7 P.3d 386, 395 (internal citation omitted). It has thus held that "A plaintiff need not prevail on every claim to receive attorney fees

and costs. The awarding of fees is intended to 'enable private parties to retain the legal assistance necessary to seek redress when their rights are violated'. . ." *NorVal Elec. Coop. Inc.* 2022 MT 245, ¶ 51, quoting, *Laudert v. Richland County Sheriff's Dep't*, 2001 MT 287, ¶¶ 17 and 20, 307 Mont. 403, 38 P.3d 790. It has also noted that:

> We believe that requiring that a plaintiff prevail on the "ultimate basis" is an inappropriate test for purposes of § 49–2–505[8], MCA. This type of analysis distracts trial courts from the primary purposes behind the fee shifting provisions of the Montana Human Rights Act, namely, ensuring "effective access to the judicial process" and encouraging "meritorious civil rights litigation.'

*Laudert v. Richland Cnty. Sheriff's Dep't*, 2000 MT 218, ¶ 51, 301 Mont. 114, 128, 7 P.3d 386, 396.

Awarding attorney's fees to a prevailing plaintiff who has sought to vindicate their civil rights, such as Plaintiff Staton has done here, furthers the purpose of 42 U.S.C.A. §1988, Title VII, and the MHRA. The fee provisions enacted in these laws ensure that plaintiffs, who have had their rights violated, are not discouraged from filing suits to redress those violations because of the attorney's fees and costs associated with brining such claims. These fee provisions are to allow prevailing employees to be made whole for their efforts in vindicating their rights and to discourage employers from opposing valid claims based on cost to a potential

plaintiff for bringing such claims. See, *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983); *Laudert v. Richland Cnty. Sheriff's Dep't*, 2000 MT 218, ¶ 51, 301 Mont. 114, 128, 7 P.3d 386, 396.

Plaintiff Staton, having obtained a verdict in her favor on her retaliation claims under Title VII and the MHRA for more than twice the amount offered to resolve all claims, is the prevailing party. As such, she respectfully requests that the Court award her reasonable attorney fees. Such an award would be consistent with, and further the purpose of, both Federal law and Montana law.

### b. Staton's Claims for Disparate Treatment and Failure to Provide Reasonable Accommodations are Inextricably Intertwined with, and Contributed to the Success of, her Retaliation Claims.

It is a "general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991). "Under our law . . . fees are awardable for work that contributed to the ultimate success of the litigation, regardless of the reasons for any temporary defeats." *Nader v. Bennett*, 407 F. App'x 190, 191 (9th Cir. 2010), citing, *Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991). Even "An attorney's time briefing alternate theories in a complex case is

9

reasonable and compensable." *Crow Indian Tribe v. United States*, 2021 U.S. Dist. LEXIS 138828, at *34 (D. Mont. July 26, 2021). If, in addition to contributing to the success of a claim, the claims on which a plaintiff prevailed and did not prevail, are inextricably intertwined the plaintiff is entitled to seek full compensation for attorney fees even if some of those fees were incurred in bringing the unsuccessful claims. *Passantino* 212 F.3d at 517.

As noted above, both the Ninth Circuit and Montana District Courts have found claims of disparate treatment to be inextricably intertwined with retaliation claims. *Passantino* 212 F.3d 493; *Rhoten v. Rocking J. Ranch, LLC*, No. CV 21-46-M-DLC, 2022 WL 17128639 (D. Mont. Nov. 22, 2022). These cases have also demonstrated that even though a plaintiff may be unsuccessful on the disparate treatment claims, the development of those claims can contribute to the success of the retaliation claims.

Plaintiff Staton's claims for disparate treatment and reasonable accommodation, are inextricably intertwined with, and contributed to the success of, her retaliation claims. Rhonda's claim for retaliation arose from her filing of a Human Resources *discrimination* complaint:

> both laws. To establish this claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:
>
> 1. The Plaintiff participated in an activity protected under federal law, that is, she filed a Human Resources discrimination complaint;
> 2. The Defendant terminated the Plaintiff's employment; and
> 3. The Plaintiff's employment was terminated because of the Plaintiff's participation in an activity protected under federal law.

(Final Jury Instruction No. 9, Document 246, p. 10) (emphasis added).

In addition to Plaintiff Staton having to prove that she was retaliated against for filing a Human Resources *discrimination* complaint, Plaintiff also presented evidence of disparate treatment and harassment that supported that HR complaint. She had to counter arguments from BSB that Staton's "poor work performance" contributed to her termination, and she had to address BSB's "HR Investigation" that claimed Staton's claims of harassment and discrimination underlying her HR complaint "could not be substantiated". Staton also presented evidence that she requested job reassignment from the detective division to the patrol division but was told to "sit tight" until the "HR investigation" was completed. She developed that BSBLED knew that mental health conditions were inherent in police work and that it knew those issues were often successfully addressed by counseling, but that BSB, did not afford Staton that counseling opportunity. Instead, it retaliatorily terminated

without counseling by claiming it relied on the *pretextual* Fitness For Duty Report that contained a suspect conclusion that Staton has a "poor prognosis" for improvement.

Although Staton was not successful on all claims, each claim stemmed from the same allegations of disparate and harassing treatment and relied on the same legal theories. Her claims are inextricably intertwined with, and the evidence developed and presented to the jury contributed to, success on her retaliation claims. As such, Plaintiff Staton requests the full award of attorney fees incurred in this matter.

## II. Fees Sought by Plaintiff Staton are Reasonable Considering the Complexity of the Case, the Time Spent, and Rates Charged

"Courts in the Ninth Circuit must calculate awards for attorneys' fees using the lodestar method, and the amount of that fee must be determined on the facts of each case. The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Rhoten v. Rocking J. Ranch, LLC*, No. CV 21-46-M-DLC, 2022 WL 17128639, at *3–4 (D. Mont. Nov. 22, 2022), citing, *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks and citations omitted); *Edwards v. Cascade Cnty.*, 351 Mont. 360, 212 P.3d 289, at 293 (Mont. 2009).

"Where the lodestar approach is deemed the appropriate measure for fees, the lodestar is presumed to be reasonable." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Ihler v. Chisholm*, 298 Mont. 254, 995 P.2d 439, 454 (Mont. 2000) ("When the loadstar approach is appropriate to determine a reasonable fee in a human rights action, there is a strong presumption that the lodestar figure represents a reasonable fee.").

This litigation lasted three-and-a-half years. Over those three-and-a-half years, the administrative process was exhausted; 19 depositions were taken;[2] 67 interrogatories were propounded and responded to; 210 requests for production were propounded and responded to; 107 requests for admissions were propounded and responded to; there were eleven disclosed experts;[3] numerous subpoenas *duces tecum* served; over 12,000 pages of documents produced; and numerous motions were filed and briefed, including two summary judgment motions filed by BSB. All this culminated in a week-long jury trial.

Over the past three-and-a-half years Plaintiff's counsel kept contemporaneous time keeping and expense records and has attached spreadsheets as an Exhibit to Michael Rabb's Declaration in support of this motion that reflect the hours spent and

---

[2] All depositions were of either an expert or an individual identified on a party's witness list.
[3] Six experts disclosed by BSB and five experts disclosed by Staton.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS**

fees charged and expenses incurred. In total, Plaintiff Staton's attorneys spent 1,703.4 hours (approx. 40.6 hours per month) through February 19, 2024. The fee charged for attorney time (after discounts) is $629,137.75 for an average of $369.34 charged per hour of attorney time.[4] Paralegal time spent on this matter equaled 362 hours (approx. 8.6 hours per month). The fee charged for paralegal time (after discounts) is $59,713.00 for an average of $164.95 charged per hour of paralegal time. The total amount of attorney and paralegal fees over this three-and-a-half years is $688,850.75, which is the amount of fees that Plaintiff Staton seeks in this matter.

### III. The Nontaxable Costs Should Be Included in the Award to Ensure that Plaintiff Staton is Made Whole.

Plaintiff Staton has filed a Bill of Costs to recover taxable costs under 28 U.S.C.A. §1920, but she also seeks to recover nontaxable costs by and through this motion. "The Ninth Circuit has 'repeatedly ... allowed prevailing plaintiffs to recover nontaxable costs where statutes authorize attorney's fees awards to prevailing parties.'" Rhoten v. Rocking J. Ranch, LLC, No. CV 21-46-M-DLC, 2022 WL 17128639, at *5 (D. Mont. Nov. 22, 2022) (allowing the recovery of nontaxable costs in a Title VII claim), quoting, *Grove v. Wells Fargo Fin. Cal., Inc.,* 606 F.3d 577, 581 (9th Cir. 2010). Indeed, 42 U.S.C.A. § 2000e-5(k) specifically contemplates

---

[4] Over the course of the three-and-a-half years, attorney rates and paralegal rates changed, as reflected in the Declaration of Michael Rabb. This is the average rate charged.

the recovery of nontaxable costs in permitting the recovery of expert witness fees. Additionally, "[u]nder Montana law, the Court has discretion to "allow the prevailing party reasonable attorney fees ***and costs***." *Id.* (emphasis original), quoting, Mont. Code Ann. §49-2-505(8).

Here, Plaintiff Staton requests reimbursement for nontaxable costs of travel to and from Butte for depositions, hearings, settlement conferences, and trial in the amount of $1,516.32 and for lodging associated with trial in the amount of $4,676.71, for expert fees in the amount of $33,192.00, for transcript costs and deposition room rentals in the amount of $374.80. In total Plaintiff Staton respectfully requests an award of nontaxable costs totaling $39,759.83 as set forth in the Declaration of Michael Rabb and the exhibits thereto.

## CONCLUSION

Plaintiff Staton fought for almost four years to vindicate BSB's violation of her civil rights. In doing so, she more than doubled BSB's offer of judgment. As such, to further the purpose of the civil rights statutes and to make her whole, she respectfully requests that the Court award her reasonable attorney's fees and nontaxable costs incurred over the past three-and-a-half years as follows: $629,137.75 in attorney fees, $59,713.00 in paralegal fees, and $39,759.83 in nontaxable costs.

Dated: February 29, 2024

                                        THE RABB LAW FIRM, PLLC

                                        */s/ Michael L. Rabb*
                                        Michael L. Rabb
                                        *Attorney for Plaintiff*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES AND NONTAXABLE COSTS**

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2)(E), Local Rules of the United States District Court, District of Montana, I hereby certify that the textual portion of the foregoing brief uses a proportionally spaced Times New Roman typeface of 14 points, is double-spaced, and contains approximately 3,070 words, excluding parts of the brief exempted by L.R. 7.1(d)(2)(E).

Dated: February 29, 2024

                                                                               THE RABB LAW FIRM, PLLC

                                                                               */s/ Michael L. Rabb*
                                                                               Michael L. Rabb
                                                                               *Attorney for Plaintiff*