Cynthia L. Walker
Zach A. Franz
Rebecca L. Stursberg
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Phone:  (406) 543-6646
Fax:      (406) 549-6804
cwalker@boonekarlberg.com
zfranz@boonekarlberg.com
rstursberg@boonekarlberg.com
*Attorneys for Defendant Butte-Silver Bow County*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RHONDA STATON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE-SILVER BOW COUNTY,<br><br>Defendant. | CV-20-60-BU-BMM<br><br>**DEFENDANT BUTTE-SILVER BOW COUNTY'S BRIEF IN SUPPORT OF MOTION TO REDUCE PLAINTIFF'S INVOICE FOR RE-OPENED DEPOSITIONS** |

Defendant Butte-Silver Bow County (BSB) hereby objects to Plaintiff's request for reimbursement of expenses associated with the limited reopening of two depositions.  Plaintiff's request for over $8,000 in fees and costs is excessive, considering the Court permitted additional questioning only on two short chains of text messages. (Doc. 164)

## BACKGROUND

On November 9, 2023, the Court granted Plaintiff permission to "reopen the depositions of Dr. George Watson and Sheriff Ed Lester for the limited purpose of asking about the late produced text messages between Dr. Watson, Sheriff Lester, and Undersheriff Skuletich."  (Doc. 161, p. 7.)  The Court stated that "BSB bears responsibility for the costs and fees, including reasonable attorney's fees, associated with these limited depositions."  (Doc. 161, p. 7.)

In a subsequent Order, the Court clarified that the scope of the reopened depositions was limited to two strings of text messages, consisting of documents bates stamped Watson SDT Production 807 through 812 and Watson SDT Production 813 through 818.  (Doc. 164, p. 2.)  Those 12 pages of documents are attached as **Exhibit A**.

On February 20, 2024, Plaintiff's counsel submitted an invoice for $8,056.76 in costs and expenses relating to the two reopened depositions.  A copy of that invoice is attached as **Exhibit B**.  BSB objected to that invoice.  Attempts by defense counsel to negotiate a compromise were unsuccessful.

## ANALYSIS

The Court instructed BSB to pay the reasonable attorney fees associated with the limited reopening of two depositions.  Plaintiff's invoice in excess of $8,000 is unreasonable in several respects.

First, the total hours claimed are excessive.  Prior to the reopened depositions of Dr. Watson and Sheriff Lester, Plaintiff had already deposed Dr. Watson for over 8 hours.  Plaintiff had also previously deposed Sheriff Lester twice: First in his individual capacity for six hours, and again as a Rule 30(b)(6) deponent for over two hours.  Yet Plaintiff claims an additional <u>16.4 hours</u> to prepare for and complete the limited reopened depositions of the same two witnesses.  It is facially unreasonable to claim that much time for two text conversations, after having already questioned the same two witnesses for eight hours each.

Second, the claimed hourly rates are excessive.  Plaintiff is seeking reimbursement of **$450 per hour** for attorney time, and **$175 per hour** for paralegal time.  By contrast, when the Court ordered Plaintiff to pay a portion of BSB's costs and fees, BSB claimed attorney time at $225 per hour for its senior attorneys, and less for associate time.  BSB did not request paralegal time at all. Plaintiff's claimed rates are not tethered to any objective reality, as they were not the actual rates paid by Plaintiff.  According to Plaintiff's separate submission for attorney fees, Plaintiff agreed to pay her attorneys 28% of the jury verdict—not $450 per hour:

> 5.     Contingency Fee: I agree to pay to My Attorneys a contingency fee in an amount equal to twenty-eight percent (28%) of any sum received by settlement, judgment or otherwise, regarding my claims in the matter v. Butte Silver Bow County et. al.

(Doc. 249-2, p. 2).

By contrast, BSB requested reimbursement from Plaintiff at exactly the same rates it actually pays its own attorneys.  BSB also relied on an associate to perform much of the work it claimed, at a reduced hourly rate.  Plaintiff's work was performed entirely by her highest billing attorney.  It is not reasonable to charge $450 per hour to address a very narrow topic with witnesses who had already been deposed.  That task could easily have been done, without prejudice to Plaintiff, by a junior attorney at a drastically lower rate.  If Plaintiff contends otherwise, it is incumbent on her to support the contention with evidence, including expert testimony.

Plaintiff's costs are also excessive.  When BSB had the chance to reopen the deposition of Plaintiff's expert, Ann Adair, BSB did so by videoconference.  That was a deliberate decision to avoid the attorney time and costs associated with travel—even though the Court had directed Plaintiff to pay those fees and costs. Plaintiff, by contrast, made no such effort at economy.  Instead, her most expensive attorney traveled from Bozeman to Butte and back to take the limited deposition of Sheriff Lester in person, and to charge BSB for travel time and mileage.  There is no reason Plaintiff could not have had a less senior attorney ask Sheriff Lester about a handful of text messages over Zoom.

Plaintiff's transcript costs are also unreasonable.  Plaintiff chose to question Dr. Watson for three hours about 12 pages of text messages.  Aside from the excessive attorney fees, that prolonged examination resulted in $2,400 in costs for transcripts of the two depositions.  Those costs are not justified by the "limited" inquiry permitted by the Court.

## CONCLUSION

The limited reopened depositions of Sheriff Lester and Dr. Watson were not intended as an opportunity for Plaintiff to bill BSB at an exorbitant rate for an excessive number of hours.  The Court should require BSB to reimburse only the *reasonable* fees and costs associated with the deposition.  BSB respectfully submits that a total of 4 hours to prepare for and take the depositions would be more than reasonable, given the very narrow scope of questioning permitted and the fact that both witnesses were previously deposed for over 8 hours each.  No time or costs should be awarded for travel since the deposition of Sheriff Lester should have and could have been completed by videoconference.  Attorney time should be billed at the same $225/hour rate that BSB charged to Plaintiff (which is substantially more than Plaintiff's attorneys would earn per hour through their contingency fee agreement).


DATED this 7th day of March, 2024.

/s/ Zach A. Franz
Zach A. Franz
BOONE KARLBERG P.C.
*Attorneys for Defendant*

CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2)(E), Local Rules of the United States District Court, District of Montana, I hereby certify that the textual portion of the foregoing brief uses a proportionally spaced Times New Roman typeface of 14 points, is double-spaced, and contains approximately 931 words, excluding the parts of the brief exempted by L.R. 7.1(d)(2)(E).

DATED this 7th day of March, 2024.

/s/ Zach A. Franz
Zach A. Franz
BOONE KARLBERG P.C.
*Attorneys for Defendant*